IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, | § | |
| TDCJ #1383329, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4034 |
| | § | |
| SERGEANT HAWTHORN, et al., | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

The plaintiff, Barry Emmett (TDCJ #1383329, former TDCJ #1153694, #1029302, #834897), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Emmett has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Emmett is currently incarcerated at the Ellis Unit in Huntsville, Texas. Emmett sues several correctional officers and officials employed by TDCJ at the Ellis Unit, including Sergeant Hawthorn, Sergeant Holland, and Sergeant Dudley. Emmett also includes allegations against Warden Eileen Kennedy and a mailroom employee identified as Mrs. English.

Emmett complains that, on December 19, 2009, Sergeant Hawthorn and Sergeant Holland conducted an unlawful search of his cell and "maliciously disposed of" several items of his personal property. Emmett contends that, when he complained about the unauthorized search and seizure, Warden Kennedy retaliated against him by conspiring with other unidentified prison personnel to set his cell on fire while Emmett was at a dental appointment on December 23, 2009. Thereafter, Emmett claims that Sergeant Dudley refused to move him to another cell. In addition to these allegations, Emmett claims that the mail room coordinator (Mrs. English) has tampered with his mail and overcharged him for postage.

Emmett seeks compensatory damages, injunctive relief, and criminal prosecution of the defendants, among other things. The Court concludes, however, that the complaint must be dismissed under the governing standard of review.

## II.   **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or

malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The plaintiff proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

## III.     DISCUSSION

### A.     Claims Against Sergeant Hawthorn and Sergeant Holland

Emmett alleges that Sergeant Hawthorn and Sergeant Holland conducted an unauthorized search of his cell on December 19, 2009. Emmett claims further that these defendants "maliciously disposed of" certain items of personal property, including "pictures, pen pal lists, [and] picture catalogs." Emmett claims that these defendants searched his cell in violation of the Fourth Amendment and prison rules that required a signed warrant. These claims are without merit.

It is well established that a prison inmate has no reasonable expectation of privacy, and no protection under the Fourth Amendment, in his prison cell. *Hudson v. Palmer*, 468 U.S. 517, 527 (1984) (holding that "[a] right of privacy in traditional Fourth Amendment terms is incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order"). To the extent that Emmett claims that the defendants' conduct violated prison policy, it is also well established that an officer's failure to follow prison rules, standing alone, does not demonstrate a constitutional violation. *See Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *Murray v. Mississippi Dep't of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Hernandez v. Estelle*, 864 F.2d 1235, 1251-52 (5th Cir. 1989); *see also Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that a state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation).

To the extent that Emmett accuses the defendants of theft, these claims are also without merit. The Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 533-34; *see also Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1981); *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine). Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Because Texas provides an adequate post-deprivation remedy, Emmett's claim that his property was wrongfully taken has no basis in federal law . *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Accordingly, with respect to his claims of unlawful search and seizure, Emmett has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983. *See id.*; *see also Nelson v. Director, Texas Dep't of Crim. Justice*, 124 F. App'x 897, 898, 2005 WL 673367 (5th Cir. 2005) (unpublished) (holding that the both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for loss of personal property were "frivolous"). It follows that Emmett's claims against Sergeant Hawthorn and Sergeant Holland must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### B.        Claims Against Sergeant Dudley and Mrs. English

Emmett complains that Sergeant Dudley subjected him to cruel and unusual punishment by refusing to assign him to new housing after his assigned cell was damaged by fire on December 23, 2009. In another portion of the complaint, Emmett alleges that, since September of 2009, his mail has been tampered with or "disposed of 10 - 15% of the time." Emmett also complains that he has been subjected to "fraudulent postal increases." Emmett blames the mail room director (Mrs. English) for violating his right to "free speech" by tampering with his mail and he seeks injunctive relief in the form of her termination.

Court records show that Emmett has made identical allegations against Mrs. English and Sergeant Dudley in other cases filed in this district. *See Emmett v. English, et al.*, Civil No. H-3460 (S.D. Tex.); *see also Emmett v. English, et al.*, Civil No. H-10-4011 (S.D. Tex.) [Doc. # 1, Attachment]; *Emmett v. Post Master Huntsville, et al.*, Civil No. H-10-3343 (S.D. Tex.).[1] A prisoner civil rights complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman*

---

[1]     In addition to these cases, court records reflect that Emmett has filed numerous cases in the federal district courts in Texas: *Emmett v. McGuire, et al.*, Civil No. 3-07-0389 (N.D. Tex.); *Emmett v. Thaler*, Civil No. H-08-2219 (N.D. Tex.); *Emmett v. Allred Unit, et al.*, Civil No. 7-09-0067 (N.D. Tex.); *Emmett v. Allred Unit, et al.*, Civil No. 3-09-0823 (N.D. Tex.); *Emmett v. Director, TDCJ*, 7-09-0111 (N.D. Tex.); *Emmett v. Director, TDCJ*, Civil No. 7-10-0088 (N.D. Tex.); *Emmett v. Thaler*, Civil No. 4:10-0105 (S.D. Tex.); *Emmett v. Wright, et al.*, Civil No. 7-10-0127 (N.D. Tex.); *Emmett v. Office of the Clerk of Court, et al.*, Civil No. 7-10-0156 (N.D. Tex.); *Emmett v. Mitchell, et al.*, Civil No. 3-10-0320 (N.D. Tex.); *Emmett v. Thaler*, Civil No. H-10-1468 (S.D. Tex.); *Emmett v. Thaler*, Civil No. H-2494 (S.D. Tex.); *Emmett v. Thaler, et al.*, Civil No. H-10-2748 (S.D. Tex.); *Emmett v. Chaplain Affey*, Civil No. H-10-3369 (S.D. Tex.); *Emmett v. English, et al.*, Civil No. H-10-3460 (S.D. Tex.); *Emmett v. Williams, et al.*, Civil No. H-10-3610 (S.D. Tex.); *Emmett v. Ebner, et al.*, Civil No. H-10-3611 (S.D. Tex.); *Emmett v. Thaler*, Civil No. H-10-3869 (S.D. Tex.).

*v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). The allegations in Emmett's pending civil rights complaint against Mrs. English and Sergeant Dudley clearly mimic those presented by him previously in other cases. Because Emmett has made the same or similar claims in a prior lawsuit, the Court concludes that the pending complaint against these defendants is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*).

### C.     Claims Against Warden Kennedy

Emmett alleges that Warden Kennedy is liable because she conspired with other unidentified individuals "to have [his] cell set on fire" on December 23, 2009, in retaliation for his "seeking a redress of grievances." To state a claim for retaliation, Emmett must demonstrate that (1) he invoked a specific constitutional right; (2) the defendants intended to retaliate against him for the exercise of that right; (3) there was a retaliatory adverse action; and (4) the action would not have occurred but for the retaliatory motive. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). Mere conclusory allegations of retaliation will not suffice; a prisoner must produce direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

The Fifth Circuit has cautioned that claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions. *See Woods*, 60 F.3d 1166. An inmate must allege more than his

7

personal belief that he is the victim of retaliation. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Emmett does not allege specific facts showing that Warden Kennedy had any motive to retaliate against him. In that respect, Emmett's primary allegation — that the warden conspired to set his cell on fire — is not plausible under the circumstances outlined by the pleadings. Exhibits attached to the complaint show that Emmett was charged with a disciplinary infraction in connection with the fire. In particular, Emmett was accused of violating prison rules on morning of December 23, 2009, by leaving his electric "hotpot" plugged in to a "multiplug outlet" while he was not in his cell. These exhibits show that Emmett's hotpot caused the fire in his cell, which destroyed the mattress, blanket, and sheets. Thus, the pleadings reflect that the fire in Emmett's cell was caused by an unattended electrical appliance. This does not establish a chronology of events from which retaliation may plausibly be inferred.[2] *See Woods*, 60 F.3d at 1166. Nor does it show that, but for some retaliatory motive, the complained of adverse act would not have occurred. Viewing all of the pleadings liberally, as required, Emmett's bare allegation of retaliation is not sufficient to state a claim under 42 U.S.C. § 1983. Accordingly, Emmett's claim against Warden Kennedy will be dismissed.

## IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

---

[2] Likewise, absent reference to material facts, Emmett's conclusory allegations of conspiracy are not sufficient to articulate a claim of conspiracy under 42 U.S.C. § 1983. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

1. The plaintiff's complaint against Sergeant Hawthorn, Sergeant Holland, and Warden Kennedy is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983 for purposes of 28 U.S.C. § 1915(e)(2)(B). The plaintiff's claims against Sergeant Dudley and Mrs. English are **DISMISSED** as malicious under 28 U.S.C. § 1915(e)(2)(B).

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Barry Emmett (TDCJ #1383329) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>October 29, 2010</u>.

_____
Nancy F. Atlas
United States District Judge